IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JAMES BRANDON STROUSE, #15976-078** § | | |
| § | | |
| VS. § | **CIVIL ACTION NO. 4:21cv204** | |
| § | **CRIMINAL ACTION NO. 4:09cr46(1)** | |
| **UNITED STATES OF AMERICA** § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In the underlying criminal case, *pro se* Movant James Brandon Strouse filed a "Motion to Reverse/Vacate Guilty Plea and Immediate Release from Federal Custody." Crim. ECF Dkt. #121. Because Movant seeks reconsideration of his conviction and sentence, it is appropriate to construe his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND OF THE CASE**

After pleading guilty pursuant to a written plea agreement, Movant was sentenced on December 11, 2009, to 120 months of imprisonment for a conviction of possession of sexually explicit visual depiction of minors, in violation of 18 U.S.C. §2252(a)(4)(B). Movant filed a direct appeal, and the Fifth Circuit Court of Appeals dismissed the appeal as frivolous on September 23, 2010. Crim. ECF Dkt. #53. Movant then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 motion on December 6, 2010. *See* Civil ECF 4:10cv670. That motion

was denied and dismissed with prejudice on March 1, 2012. *Id.* (Dkt. #44).   On October 24, 2017, Movant filed a second § 2255 motion, Civil ECF 4:17cv762, which would have been dismissed as successive, but Movant failed to file a change of address and it was dismissed for failure to prosecute.  Movant ultimately filed a change of address, but the Fifth Circuit dismissed his appeal. Movant now files what is construed as a third § 2255 motion.  The Government was not ordered to file a Response.

## SUCCESSIVE MOTIONS

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Movant previously filed a federal petition for habeas relief, which was denied and dismissed with prejudice. *See* Civil ECF 4:10cv670.   In the present case, the Court lacks jurisdiction to consider it unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant had filed a prior § 2255 motion, and the Fifth Circuit had not granted permission to file a successive § 2255 motion). Accordingly, the present motion should be dismissed for want of jurisdiction because Movant has not shown he obtained permission from the Fifth Circuit to file a successive § 2255 motion. *Id*.

## RECOMMENDATION

It is recommended the motion to vacate, set aside, or correct sentence be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of September, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE